UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RICKO LOTT,

                    Petitioner,                        Case No. 1:08-cv-481

v.                                               Honorable Robert J. Jonker

JOHN PRELESNIK,

                    Respondent.
_____/

## ORDER

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. This matter is before the Court upon Petitioner's motion for a stay of the proceedings pending exhaustion of new claim in the state courts (docket #5).  For the reasons set forth below, Petitioner's motion will be granted this action will be stayed under the terms set forth in this Order.

## Factual Background

        Petitioner Ricko Lott presently is incarcerated with the Michigan Department of Corrections and housed at the Richard A. Handlon Correctional Facility.  He pleaded guilty in the Ingham County Circuit Court to one count of assault with intent to commit murder, MICH. COMP. LAWS 750.83; and one count of armed robbery, MICH. COMP. LAWS § 750.529.  Shortly after pleading guilty, Petitioner moved to withdraw his guilty plea.  The motion was denied.  On August 3, 2005, he was sentenced to concurrent terms of 25 to 50 years.  Petitioner sought leave to appeal his convictions in both the Michigan Court of Appeals and the Michigan Supreme Court, both of which denied leave.  The supreme court order denying leave to appeal was issued on February 27, 2007.  In both courts, Petitioner raised the same six issues raised in his habeas petition.

In his motion to stay, Petitioner stated that he "has several issues he plans to raise in motion to the trial court pursuant to M.C.L. 6.500, and would like to exhaust these issues so he may add them to his habeas if needed." (Mot. to Stay, 3, docket #5.) The Court issued an opinion and order on February 27, 2009, requiring Petitioner to identify the claims that he intends to raise in his motion for relief from judgment and to show cause within thirty days why he is entitled to a stay of the proceedings. Petitioner timely filed a response to the Court's order (docket #29).

## Discussion

The Court's show cause order required Petitioner to show: (1) good cause for his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). In his response to the Court's show cause order, Petitioner identified three new claims that he intends to raise in his motion for relief from judgement:

I.   DEFENDANT WAS DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW, AND OF THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL, BY THE DEFICIENT PERFORMANCE OF BOTH COURT-APPOINTED TRIAL, AND APPELLATE COUNSEL.

II.  DEFENDANT'S DUE PROCESS RIGHT TO A FAIR TRIAL WAS VIOLATED WHEN THE PROSECUTOR FAILED TO TIMELY DISCLOSE CRITICAL BRADY MATERIAL FOR IMPEACHMENT EVIDENCE PURPOSE[S].

III. DEFENDANT HAS ESTABLISHED AN ENTITLEMENT TO RELIEF FROM THE JUDGMENT OF HIS GUILTY PLEA AND SENTENCE BY DEMONSTRATING GOOD CAUSE FOR THE FAILURE TO RAISE HIS PRESENT CLAIMS ON DIRECT APPEAL OR IN A PROPER MOTION, AND ACTUAL PREJUDICE FROM THE ALLEGED IRREGULARITIES IN THIS CRIMINAL MATTER.

With regard to the "good cause" requirement, Petitioner asserts that the prosecutor withheld evidence in his case, that his trial and appellate counsel were ineffective and that he is untrained in

the law and had to find someone to assist him with his legal pleadings.  The Court finds that Petitioner's allegations are sufficient to show good cause for his failure to exhaust his claims in his direct appeal.  In addition, the Court finds that Petitioner's claims are not plainly meritless and that he has not engaged in dilatory litigation tactics.  Petitioner, therefore, has satisfied the requirement of *Rhines*.

Petitioner faces a second hurdle with regard to his new claims.  Petitioner filed his motion to stay on or about October 29, 2008, five months after the statute of limitations expired on May 28, 2008.  In *Mayle v. Felix*, 545 U.S. 644 (2005), the Supreme Court held that, although claims otherwise barred by AEDPA's limitations period may be added to a habeas petition under Federal Rule of Civil Procedure 15 if they "relate back" to the "conduct, transaction, or occurrence" in the original petition, "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.  It is not sufficient that the newly asserted claims "relate to the same trial, conviction, or sentence as a timely filed claim . . . ." *Id.* at 662.  Because the statute of limitations expired before Petitioner sought to add his new claims, they must "relate back" to the original petition.  At this stage of the proceedings, the Court lacks sufficient information, particularly with regard to Petitioner's new claim of ineffective assistance of counsel, to determine whether Petitioner's new claims "relate back" to the original petition within the meaning of *Mayle*.

The Court will grant a stay of the proceedings while Petitioner pursues his claims in the state Courts.  Petitioner will have thirty days from the date of this order to file a motion for relief from judgment in the Ingham County Circuit Court.  He has an additional thirty days after the Michigan Supreme Court issues its decision to file an amended habeas petition in this Court

presenting his newly exhausted claims.  The Court will determine at that time whether Petitioner's new claims "relate back" to the original petition.  Only those new claims that "relate back" will be considered by the Court for habeas corpus review along with the six claims set forth in his original petition.  Therefore:

IT IS ORDERED that Petitioner's motion for a stay of the proceedings pending exhaustion of new claim in the state courts is GRANTED (docket #5).

IT IS FURTHER ORDERED that Petitioner is required to file a motion for relief from judgment within thirty days of this Order.

IT IS FURTHER ORDERED that this action is stayed until Petitioner files a motion to amend his petition to include his newly exhausted claims.  Such motion must be filed not later than 30 days after a final decision by the Michigan Supreme Court on Petitioner's unexhausted claims and shall include a description of the newly exhausted claims and the dates and substance of decision at each step of state-court review.

IT IS FURTHER ORDERED that if Petitioner fails to comply with the deadlines imposed in this order, the Court may dismiss the petition.

IT IS FURTHER ORDERED that Petitioner shall advise the Court of any change of address occurring during the pendency of the stay.

IT IS FURTHER ORDERED that this case shall be administratively closed until such time a Petitioner files a motion to amend his petition in accordance with the procedures set forth in this order.

Dated:  May 1, 2009                                  /s/ Hugh W. Brenneman, Jr
                                                     HUGH W. BRENNEMAN, JR.
                                                     United States Magistrate Judge