UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKO LOTT,

    Petitioner,      Case No. 1:08-cv-481

v.      Honorable Robert J. Jonker

JOHN PRELESNIK,

    Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The Court issued an order on May 1, 2009 staying Petitioner's habeas action until he exhausted three new claims in the state courts and returned to this Court with a motion to amend the petition. This matter now is before the Court upon Petitioner's "Motion for Equitable Tolling to Allow Petitioner's Pro Se Petition for Writ of Habeas Corpus to Proceed Timely" (docket #31) and Petitioner's motion to amend the petition (docket #34).

## Factual Background

Petitioner Ricko Lott presently is incarcerated at the Richard A. Handlon Correctional Facility. He pleaded guilty in the Ingham County Circuit Court to one count of assault with intent to commit murder, MICH. COMP. LAWS 750.83; and one count of armed robbery, MICH. COMP. LAWS § 750.529. Shortly after pleading guilty, Petitioner moved to withdraw his guilty plea. The motion was denied. On August 3, 2005, he was sentenced to concurrent terms of 25 to 50 years. Petitioner sought leave to appeal his conviction in the Michigan Court of Appeals and the Michigan Supreme

Court, both of which denied leave. The supreme court order denying leave to appeal was issued on February 27, 2007.

Petitioner filed a habeas petition on or about May 21, 2008, raising the same six claims that he presented on direct appeal in the Michigan appellate courts. On October 29, 2008, Petitioner filed a motion to stay the petition because he had new claims that he intended to raise in the state court in a motion for relief from judgment. This Court issued an opinion and order on February 27, 2009, requiring Petitioner to identify the claims that he intended to raise in his motion for relief from judgment and to show cause within thirty days why he was entitled to a stay of the proceedings. Petitioner filed a timely response. In an order issued on May 1, 2009, the Court granted Petitioner's motion to stay the proceedings while he exhausted the three new claims identified in his response. However, the Court discussed that because Petitioner filed his motion to stay five months after the statute of limitations expired on May 28, 2008, the new claims would be considered timely filed only if they "related back" to the original petition within the meaning of *Mayle v. Felix*, 545 U.S. 644 (2005). The Court deferred that decision until after Petitioner exhausted the claims and returned to this Court for further proceedings on his habeas petition. Under the Court's order, Petitioner was required to file an amended petition within thirty days after the Michigan Supreme Court issued a decision on his motion for relief from judgment. The order further provided that the case be administratively closed until such time as Petitioner filed a motion to amend his petition in accordance with the procedures set forth in the Court's order.

Petitioner filed a motion for relief from judgment in the Ingham County Circuit Court as required by this Court's stay order. The circuit court denied his motion on July 23, 2009. The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's applications for

leave to appeal on May 6, 2010 and October 26, 2010, respectively. Petitioner filed his motions to amend and for equitable tolling on or about April 15, 2011.

On May 12, 2011, the Court entered an order reopening the case and directing Respondent to file supplemental Rule 5 materials with regard to Petitioner's motion for relief from judgment in the state court so that the Court could determine whether Petitioner's new claims related back to the claims raised in the original petition. The Court further ordered Respondent to file a response to Petitioner's motions to amend and for equitable tolling, specifically addressing whether the claims presented in Petitioner's motion to amend related back, and if they did not, whether Petitioner was entitled to equitable tolling of the statute of limitations. The Court held Petitioner's motions in abeyance pending Respondent's submission of a response and Rule 5 materials. After seeking and receiving an extension of time, Respondent filed his response and Rule 5 materials on August 18-19, 2011. After reviewing the response and supplemental Rule 5 materials, the Court ordered Petitioner to clarify the claims of ineffective assistance of counsel included in his motion to amend (docket #54). Petitioner filed his response on October 24, 2011 (docket #57).

## Discussion

### I. Motion to Amend

Plaintiff's motion to amend is governed by Federal Rule of Civil Procedure 15 which provides that a party may amend its pleadings by leave of court and that "leave [to amend] shall be freely given when justice so requires." FED. R. CIV. P. 15(a). As discussed above, Petitioner filed his motion to amend after the statute of limitations expired. An amendment to a pleading made after the statute of limitations expires "relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted

to be set out - in the original pleading." FED. R. CIV. P. 15(c)(1)(B). The Supreme Court has interpreted this rule to mean that "[a]n amended habeas petition . . . does not relate back (and thereby escape [the] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650. It is not enough that the original and amended claims attack the same trial, conviction, or sentence. *Id.* at 656-57. Relation back is in order only if "the original and amended petitions state claims that are tied to a common core of operative facts." *Id.* at 664.

Petitioner raised the following grounds for relief in his original habeas petition (docket #1):

I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S MOTION TO WITHDRAW HIS PLEA WHERE DEFENDANT WAS UNDER DURESS AND THE PLEA WAS THEREFORE NOT KNOWING, UNDERSTANDING AND VOLUNTARY, CONTRARY TO THE FIFTH AND FOURTEENTH AMENDMENTS.

II. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S MOTION TO WITHDRAW HIS PLEA WHERE DEFENDANT WAS COERCED BY HIS ATTORNEY TO PLEAD GUILTY AND THE PLEA WAS THEREFORE NOT KNOWING, UNDERSTANDING AND VOLUNTARY, CONTRARY TO THE FIFTH AND FOURTEENTH AMENDMENTS.

III. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S MOTION TO WITHDRAW HIS PLEA WHERE DEFENDANT DID NOT UNDERSTAND THE TERMS OF THE PLEA AGREEMENT AND THE PLEA WAS THEREFORE NOT KNOWING, UNDERSTANDING AND VOLUNTARY, CONTRARY TO THE FIFTH AND FOURTEENTH AMENDMENTS.

IV. DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN CONNECTION WITH HIS PLEA, CONTRARY TO THE SIXTH AMENDMENT AND THE MICHIGAN CONSTITUTION [FOR]:

A. FAILING TO PROPERLY EXPLAIN THE SENTENCE CONSEQUENCES OF [PETITIONER'S] PLEA;

      B.      FAILING TO PREPARE FOR TRIAL;

      C.      EXERTING PRESSURE ON [PETITIONER] TO CONCEAL LACK OF PREPARATION; [AND]

      D.      FAILING TO REQUEST A COMPETENCY HEARING.

V.    THE TRIAL COURT ERRED IN SCORING OFFENSE VARIABLES 2 AND 9 WHERE THE OFFENSE VARIABLE WERE SCORED IN VIOLATION OF [PETITIONER'S] SIXTH AMENDMENT RIGHT TO A JURY TRIAL.

VI.   THE TRIAL COURT ABUSED IT'S DISCRETION IN DENYING DEFENDANT'S MOTION FOR DISCOVERY OF THE POLICE INTERNAL AFFAIRS REPORT, CONTRARY TO THE FOURTEENTH AMENDMENT RIGHT TO A FAIR TRIAL AND DUE PROCESS.

(Pet., docket #1-3, Page ID##24-27.)

Petitioner raised the following new grounds for relief in his motion to amend:

I.    WAS DEFENDANT DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW, AND OF THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL, BY THE DEFICIENT PERFORMANCE OF BOTH, COURT-APPOINTED TRIAL COUNSEL, AND APPELLATE COUNSEL(S) [SIC]?

II.   WAS DEFENDANT'S DUE PROCESS RIGHT TO A FAIR TRIAL VIOLATED WHEN THE PROSECUTOR FAILED TO TIMELY DISCLOSE CRITICAL *BRADY* MATERIAL FOR IMPEACHMENT EVIDENCE PURPOSES?

(Mot. to Amend, docket #34, Page ID#108.)[1]  With regard to his claim of ineffective assistance of counsel, Petitioner has identified the following specific claims: (1) trial counsel was aware that Petitioner had a learning disability, but failed to move for a forensic referral to determine the extent of Petitioner's mental impairment before allowing Petitioner to enter a guilty plea; (2) trial and

---

[1] In his motion for relief from judgment in the Michigan courts, Petitioner included a third claim arguing that he had established entitlement to relief as required by MICH. CT. R. 6.508(D)(3), by showing cause and prejudice for not raising the two substantive claims in his direct appeal.  Petitioner did not include the third claim in the motion to amend his habeas petition, ostensibly because it concerns a matter of state law that is not subject to habeas corpus review.  *See Estelle v. McGuire*, 502 U.S. 62 (1991).

appellate counsel failed to properly investigate the facts of the case, interview witnesses and prepare a valid defense; (3) trial counsel failed to move for suppression of a gun found during the course of the investigation but was unrelated to the incident for which Petitioner was convicted; (4) trial counsel failed to present mitigating evidence at sentencing or to challenge the erroneous sentence imposed by the trial court. (Petitioner's Answer to Court's September 20, 2011 Order, docket #57, Page ID##163-70.)

With regard to Petitioner's new claims of ineffective assistance of counsel, it is not sufficient that Petitioner raised claims of ineffective assistance of counsel in his original petition. Rather, in order for a new claim of ineffective assistance of counsel to relate back, it must arise from the same core facts as the previously raised episodes. *See United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) ("[A] petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance"); *United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006)*; Davenport v. United States*, 217 F.3d 1341, 1346 (11th Cir. 2000); *United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999); *United States v. Stover*, 576 F. Supp. 2d 134, 140 (D.D.C. 2008).

The first instance of ineffective assistance of counsel raised in the amended petition concerning counsel's failure to move for a forensic examination to determine the extent of Petitioner's mental impairment arises from the same core facts as Ground IV(D) of the original petition, in which Petitioner claims that counsel failed to request a competency hearing. Consequently, the first claim of ineffective assistance of counsel raised in the amended petition relates back to the original petition, and, thus, is timely.

In the second instance of ineffective assistance raised in his motion to amend, Petitioner contends that his trial and appellate counsel failed to properly investigate the facts of the case, interview witnesses and prepare a valid defense. In his supporting facts, Petitioner discusses counsels' failure to investigate or interview several witnesses, including Nedra Knox, Roselyn and Gerald Ford, Monica Lee Clay, Viola Briseno, Shirley Geter, Lisa Mansfield, Kizzy Knox, Tyler Townsend and Howe Holdren. In his original habeas petition, Petitioner provided the following supporting facts for his claim that trial counsel failed to prepare for trial:

> Defendant pleaded guilty after the jury trial had already begun. Only when a late endorsed witness, Calvin Hill, was disclosed to the defense did Defendant decide to plead guilty. Defense counsel did not object to the late endorsement of this witness. Additionally, defense counsel failed to conduct discovery of the available internal affairs police reports which may have shown the Defendant was no[t] the shooter.

(Pet., docket #1, Page ID#26.) The claim raised in the original petition did not mention counsel's failure to investigate or interview the witnesses mentioned in the amended petition. Likewise, the claim raised in the amended petition did not mention counsel's failure to investigate or interview Calvin Hill or to object to his late endorsement as a witness. Therefore, the Court cannot find that the second claim of ineffective assistance raised in the motion to amend arises from the same core facts as the claim asserted in the original petition. Because the claim does not relate back to the original petition, it is time-barred.

The last two instances of ineffective assistance of counsel raised in Petitioner's motion to amend clearly do not arise from the same nucleus of fact as the instances of ineffective assistance of counsel raised in the original petition. None of the instances raised in the original petition concern the failure to move for the suppression of a gun or deficiencies at sentencing. Therefore,

the third and fourth instances of ineffective assistance raised in the motion to amend do not relate back to the original petition and are untimely.

The second ground for relief presented in the motion to amend, which asserts a *Brady* violation, appears to arise from the same core facts as Ground VI of the original petition, in which Petitioner claimed that the trial court abused its discretion in denying Petitioner's motion for discovery of a police internal affairs report. Consequently, the *Brady* claim relates back to the original petition, and, thus, is timely.

The Court will grant Petitioner's motion to amend with regard to his one timely claim of ineffective assistance of counsel for failure to move for a forensic competency examination and his *Brady* claim. The Court will consider whether Petitioner is entitled to equitable tolling for his three remaining untimely claims of ineffective assistance of counsel. *See Pinchon v. Myers*, 615 F.3d 631, 642 (6th Cir. 2010) (the relation-back theory and the doctrine of equitable tolling are distinct, alternative theories that may be invoked by a petitioner who files a motion to amend the petition after the statute of limitations has expired).

II. **Motion for Equitable Tolling**

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295

F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Akrawi*, 572 F.3d at 260.

With regard to the first requirement, Petitioner failed to comply with the Court's order granting his motion for a stay. Petitioner was ordered to file his motion to amend within thirty days after the Michigan Supreme Court issued its decision. The Michigan Supreme Court denied Petitioner application for leave to appeal on October 26, 2010. Petitioner signed his motion to amend on April 15, 2011, more than five months after the decision was issued. In his motion for equitable tolling, Petitioner contends that his motion was untimely because he relied upon the advice of a prison legal writer who gave him the wrong deadline. Petitioner's argument is not compelling considering that the thirty-day deadline for filing a motion to amend was clearly stated in the Court's order staying the case.

Moreover, the error on the part of Petitioner's legal writer does not rise to the level of an "extraordinary circumstance" warranting equitable tolling. While "professional misconduct . . . could amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling," *Holland*, 130 S. Ct. at 2562, the Supreme Court has long held that "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect" that causes an attorney to miss a deadline. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Assuming a prisoner legal writer can be equated with an attorney, a legal writer's simple error regarding the filing deadline does not rise to the level of professional misconduct that would

create an extraordinary circumstance warranting equitable tolling. *See Lawrence*, 549 U.S. at 336 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling."). That is particularly true in this case where the deadline was clearly stated in Court's order. Furthermore, the fact that Petitioner is untrained in the law does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

### Conclusion

Petitioner's motion to amend (docket #34) will be granted with regard to the following timely claims: (1) trial counsel was ineffective for failing to move for a forensic referral to determine the extent of Petitioner's mental impairment before allowing Petitioner to enter a guilty plea; and (2) Petitioner's due process rights were violated when the prosecutor failed to timely disclose critical *Brady* material for impeachment evidence purposes. The motion to amend will be denied with regard to the remaining untimely claims of ineffective assistance of counsel. Petitioner's motion for equitable tolling (docket #31) also will be denied. The Court will conduct a plenary review of the claims presented in the original petition, as well as the timely claims raised in his motion to amend.


Dated: March 26, 2012                     /s/ Hugh W. Brenneman, Jr.
                                          HUGH W. BRENNEMAN, JR.
                                          United States Magistrate Judge